NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAWNA FOWLER, | No. 20-36016 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05115-EFS |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 6, 2021**
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Dawna Fowler appeals from the district court's order affirming the

Commissioner of Social Security's denial of disability insurance benefits. "We

review the district court's order affirming the ALJ's denial of social security benefits

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quotations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We reject Fowler's contention that the Administrative Law Judge (ALJ) erred at step two of the five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4)(ii). Substantial evidence supported the ALJ's determination that Fowler's fibromyalgia was not medically determinable. An impairment is medically determinable if it is "established by objective medical evidence from an acceptable medical source," *id*. § 404.1521, with "objective medical evidence" meaning "signs, laboratory findings, or both." *Id.* § 404.1502(f). Social Security Ruling 12-2P further requires that fibromyalgia be diagnosed by a licensed physician who explains how the patient meets a list of criteria. *See Ford v. Saul*, 950 F.3d 1141, 1155 n.7 (9th Cir. 2020) ("Under the social security rules, a physician may diagnose fibromyalgia if the patient meets the 1990 or 2010 criteria established by the American College of Rheumatology (ACR)."). Here, Fowler only presented treatment notes from a nurse and a nurse practitioner that listed fibromyalgia among her conditions, without reporting test results or the specified criteria. And Fowler did not otherwise provide objective medical evidence of fibromyalgia.

Substantial evidence also supported the ALJ's step two determination that

some of Fowler's other conditions were non-severe. Among other evidence, Fowler's gastroesophageal reflux disease, sleep apnea, and depression had all improved after treatment; according to her care provider, Fowler's myoclonic jerks were "not affecting the patient's quality of life"; and Fowler had stopped attending physical therapy for her shoulder pain. Substantial evidence thus supports the ALJ's conclusion that these conditions were not severe. Regardless, any error was harmless because the ALJ still resolved step two in Fowler's favor and considered all medically determinable impairments (severe and non-severe) at the later steps. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

2. The ALJ did not err at step three in allegedly neglecting to consider whether Fowler's conditions "meet[] or equal[]" Listings 11.02 and 14.09. 20 C.F.R. § 404.1520(a)(4)(iii). The "ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Fowler has not explained how her conditions satisfy the elements for these two listings. Regardless, as to Listing 14.09, the ALJ already found Fowler's fibromyalgia to be unsupported by objective medical evidence. And as to Listing 11.02, Fowler has not shown she experienced seizures of the required duration and frequency. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02.

3.	The ALJ gave specific, clear, and convincing reasons supported by substantial evidence for discounting Fowler's testimony about her symptoms. *See Lambert*, 980 F.3d at 1277. The ALJ identified the specific testimony that he found not supported and explained how Fowler's exercise routine and other daily activities, as well as the results of her physical examinations, undermined her testimony about the severity of her pain. We reject Fowler's argument that the ALJ erred by considering her daily activities. "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct, . . . and whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation and quotations omitted).

Furthermore, although Fowler objects that the ALJ made no findings discounting her mental health allegations, the ALJ in fact assessed the evidence for these allegations and identified inconsistencies with Fowler's prior statements, her medical records, her daily activities, and her favorable response to treatment. Fowler thus has not demonstrated that the ALJ erred in discounting her testimony.

4. The ALJ did not err by declining to consider a medical record that Fowler submitted out of time. Under 20 C.F.R. § 404.935(a), claimants must "inform [the Social Security Administration] about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing."

4

If an applicant does not do so, "the administrative law judge may decline to consider or obtain the evidence." *Id.* Here, the ALJ could conclude that Fowler's December 4, 2017 letter did not "provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition." *See* SSR 17-4P, 2017 WL 4736894 (Oct. 4, 2017). Given this, the ALJ acted within his authority in declining to admit the record as an exhibit. *See* 20 C.F.R. § 404.935(a).

Regardless, any error was harmless. The late report contained only brief, conclusory statements about Fowler's conditions and their symptoms; it did not present any test results or other objective evidence. Thus, there is no basis to conclude that it would have altered the ALJ's analysis.

5. Fowler's claim that the ALJ erred in relying on a vocational expert's testimony depends on her contentions that the ALJ erred in evaluating the evidence described above. Because there was no error, this final argument necessarily fails.

**AFFIRMED.**